UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 6:21-bk-02601-KSJ |
| MICHAEL B. MYERS AND ) | |
| JACQUELINE M. MYERS ) | |
| ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| GENE CHAMBERS ) | |
| Chapter 7 Trustee ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. No.: _____ |
| ) | |
| MICHAEL B. MYERS and ) | |
| JACQUELINE M. MYERS ) | |
| ) | |
| and ) | |
| ) | |
| SEAN MICHEAL MYERS and ) | |
| MARA ROBERTS ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Gene Chambers, Chapter 7 Trustee, by and through her undersigned attorney, hereby files this Complaint against Defendants and shows:

1. Michael B. Myers and Jacqueline M. Myers are the above-captioned Debtors who filed bankruptcy under Chapter 7 of the United States Bankruptcy Code on June 7, 2021 by the filing of a voluntary petition (hereinafter the "Petition"), creating case 6:21-bk-02601-KSJ (hereinafter the "Main Case"). See Main Case DE 1.

2. Gene Chambers is the duly qualified and acting Chapter 7 Trustee in this case (hereinafter the "Trustee", "Plaintiff" or "Plaintiff-Trustee").

3. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure and Sections 542, 544, 550 and 551 of the Bankruptcy Code, and Florida State Statute § 726, to recover avoidable transfers of property of the Debtor.

4. This Court has jurisdiction over this proceeding to 28 U.S.C. § 1334.

5. This adversary proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157.

6. This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

7. This action is timely filed.

8. All conditions precedent to bringing this action have occurred, been performed or been waived.

## Common Facts

9. The Plaintiff restates and incorporates herein by reference the allegations set forth in paragraphs 1 through 8 above.

10. Donald Hachenberger is an acknowledged creditor of the Bankruptcy estate. See Main Case, Docket Entry 10, page 12, § 4.6.

11. Highway 46 Holdings LLC is an acknowledged creditor of the Bankruptcy estate. See Main Case, Docket Entry 10, page 13, § 4.9.

12. On May 17, 2017 a bench trial concluded in case 08-CA-1466 in Orange County Florida Circuit Court by and between Creditors Highway 46 Holdings, LLC and Donald Hachenberger (hereinafter collectively "Creditors") v. Michael B. Myers and Jacqueline M. Myers.

13. On September 27, 2017 a final judgment against Michael B. Myers and Jacqueline M. Myers was signed and docketed the same day (hereinafter the "Final Judgment"). See Exhibit A.

14. That Final Judgment after accessing the attorney's fees of the prevailing party is expected to be over $1 million.

15. Roughly six weeks later, on November 14, 2017, Michael B. Myers and Jacqueline M. Myers transferred real property located at 297 Dublin Drive, Lake Mary, Florida 32746 (hereinafter "Dublin") to their son and daughter-in-law, Sean Michael Myers and Mara Roberts (hereinafter the "Transfer"). See Exhibit B.

16. Sean Michael Myers and Mara Roberts are insiders.

17. The quitclaim deed (hereinafter the "QCD") as executed and recorded on November 14, 2017 reflects consideration of $1.00. See Exhibit B.

18. On August 21, 2021 in a deposition in the Main Case Michael B. Myers stated,

    Q.  On November 14th, 2017, you and Jackie executed a quitclaim deed to Shawn Myers for the Dublin Drive house, correct?
    A.  You want to say that again with those dates.
    Q.  That's -- it looks like it was signed on March -- I'm sorry -- November 14th, 2017. Also, recorded on that same day, a quitclaim deed from Jackie and you to Shawn for the Dublin Drive house.
    A.  Okay. What's your question?
    Q.  What did Shawn -- what was the consideration for doing that?
    A.  There was no consideration. At one time that was -- that property went back between Jackie and I to my mother, and then we gave it to Shawn as a wedding gift.

19. The Statement of Financial Affairs in the Main Case shows total gross income in 2019 of $63,647.64, consisting solely of Social Security Benefits and retirement income. See page 2 of 7, DE 11, Main Case.

20. The Statement of Financial Affairs in the Main Case shows no transfers outside of the ordinary course of business in the 2 years preceding the Petition. See page 5 of 7, DE 11, Main Case.

21. Attorney for Michael B. Myers and Jacqueline M. Myers, Agustin R. Benitez, placed a lien for $450,000.00 against Dublin Drive on March 27, 2017, just before the conclusion of the trial against the Debtors. See Exhibit C.

22. Augustin R. Benitez released that lien on November 20, 2017, just after the Dublin Drive QCD was recorded. See Exhibit D.

23. Michael B. Myers testified in deposition in the Main Case:

    Q.   Yes, sir. And then that's the next thing I was going to read. On November 20th, he filed a satisfaction of that mortgage; is it your understanding that Shawn paid him $450,000?
    A.   No.

24. On December 7, 2017, Fairwinds recorded a revolving credit mortgage, made November 28, 2017, for the amount $95,000.00. See Exhibit E.

25. The Trustee contends the property had in excess of $95,000.00 value at the time of the transfer absent a lien by Debtors' attorney.

26. Michael B. Myers and Jacqueline M. Myers benefited from the Transfer by avoiding execution against the same.

27. Sean Michael Myers and Mara Roberts benefited from the Transfer by taking ownership of it without paying a reasonably equivalent value.

### COUNT I - AVOIDANCE OF FRAUDULENT TRANSFERS

11 U.S.C. § 544 and Florida Statute § 726.105(1)(a) – intent to hinder, delay, or defraud
Under the Florida Uniform Fraudulent Transfer Act ("FUFTA")

28. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

29. This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. 11 U.S.C. §§ 544, 550 and §726.105(1)(a) of the Florida Statutes.

30. At the time of filing of the Debtors' bankruptcy case, there existed one or more creditors, holding claims that are allowable under Section 502 of the Bankruptcy Code, other than being allowable solely under Section 502(e) of the Bankruptcy Code.

31. The Trustee stands in the place of such a creditor pursuant to Section 544 of the Bankruptcy Code.

32. The Dublin property had a lien placed upon it at the prompting and agreement of the Debtors by an insider to make it appear the property lacked equity. That lien should be disregarded.

33. The Transfer was made at a time when significant obligations had been incurred by the Debtor.

34. The Transfer was made with the intent to hinder, delay or defraud the Creditors.

35. The intent to hinder delay or defraud the Creditors is evidenced by the fact that: i) the Transfers were made immediately after the conclusion of trial; ii) the Transfers were made to Sean Myers, an insider; iii) the Debtors did not receive reasonably equivalent value for the Transfers; and, v) the Debtors were insolvent or should have known they would become insolvent when the Transfer was made.

WHEREFORE, the Trustee demands judgment against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts as follows: (i) determining that the transfer of Dublin Drive was fraudulent and avoidable under 11 U.S.C. §§ 544, 550 and F.S.S. §726.105(1)(a); (ii) avoiding the fraudulent transfers and entering judgment in favor of the Plaintiff-Trustee against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts for the net value of the Transfers, plus pre-judgment interest, post-

judgment interest, and costs of suit; and (iii) for such other and further relief as the Court deems just and proper.

## COUNT II - AVOIDANCE OF FRAUDULENT TRANSFERS

11 U.S.C. § 544 and Florida Statute §726.105(1)(b) – lack of reasonably equivalent value Under the Florida Uniform Fraudulent Transfer Act ("FUFTA")

36. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

37. At the time of filing of the Debtors' bankruptcy case, there existed one or more creditors, holding claims that are allowable under Section 502 of the Bankruptcy Code, other than being allowable solely under Section 502(e) of the Bankruptcy Code.

38. The Trustee stands in the place of such a creditor pursuant to Section 544 of the Bankruptcy Code.

39. The Dublin property had a lien placed upon it at the prompting and agreement of the Debtors by an insider to make it appear the property lacked equity. That lien should be disregarded.

40. The Transfer was made without the Debtors receiving a reasonably equivalent value in exchange for the making of such Transfer, the Transfer was made at a time when the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond her ability to pay them as they came due.

WHEREFORE, the Trustee demands judgment against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts as follows: (i) determining that the transfer of Dublin Drive was fraudulent and avoidable under 11 U.S.C. §§ 544, 550 and §726.105(1)(b); (ii) avoiding the fraudulent transfer and entering judgment in favor of the Plaintiff-Trustee against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and

Mara Roberts for the net value of the Transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; and (iii) for such other and further relief as the Court deems just and proper.

### COUNT III - AVOIDANCE OF FRAUDULENT TRANSFERS

11 U.S.C. § 544 and Florida Statute §726.106 (1) - lack of reasonably equivalent value Under the Florida Uniform Fraudulent Transfer Act ("FUFTA")

41. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

42. At the time of filing of the Debtors' bankruptcy case, there existed one or more creditors, holding claims that are allowable under Section 502 of the Bankruptcy Code, other than being allowable solely under Section 502(e) of the Bankruptcy Code.

43. The Trustee stands in the place of such a creditor pursuant to Section 544 of the Bankruptcy Code.

44. The Dublin property had a lien placed upon it at the prompting and agreement of the Debtors by an insider to make it appear the property lacked equity. That lien should be disregarded.

45. The Transfer was made without the Debtors receiving a reasonably equivalent value in exchange for the making of such Transfer, the Transfer was made at a time when the Debtors intended to incur or believed or reasonably should have believed that they would incur, debts beyond her ability to pay them as they came due.

WHEREFORE, the Trustee demands judgment against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts as follows: (i) determining that the transfer of Dublin Drive was fraudulent and avoidable under 11 U.S.C. §§ 544, 550 and §726.106 (1); (ii) avoiding the fraudulent transfer and entering judgment in favor of the Plaintiff-Trustee against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara

Roberts for the net value of the Transfers, plus pre-judgment interest, post-judgment interest, and costs of suit; and (iii) for such other and further relief as the Court deems just and proper.

## COUNT IV – RECOVERY OF AVOIDED TRANSFERS

11 U.S.C. § 550

46. Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

47. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 544 and Florida State Statute Sections 706.105 and 726.106.

48. All the Defendants were the ones who benefited from the Transfer.

WHEREFORE, the Trustee demands judgment against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts as follows: (i) determining that the transfers of the Properties were fraudulent and avoidable under 11 U.S.C. §§ 544 and Florida State Statute Sections 706.105 and 726.106; (ii) avoiding the fraudulent transfer and entering judgment in favor of the Plaintiff-Trustee against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts for the net value of the Transfer, plus pre-judgment interest, post-judgment interest, and costs of suit; and (iii) for such other and further relief as the Court deems just and proper.

## COUNT V – TURNOVER

11 U.S.C. §§ 542, 544, 550 and Florida State Statute § 726.109
Under the Florida Uniform Fraudulent Transfer Act ("FUFTA")

49. Plaintiff-Trustee restates and incorporates herein by reference the allegations contained in paragraphs 1 through 27 above.

50. Plaintiff-Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 544 and Florida State Statute Sections 706.105 and 726.106.

51. The Plaintiff-Trustee seeks turnover of the Transfer property, for sale and execution hereunder.

WHEREFORE, the Plaintiff-Trustee demands judgment against Defendants Michael B. Myers and Jacqueline M. Myers, Sean Michael Myers and Mara Roberts as follows: (i) determining that the transfers of the Properties were fraudulent and avoidable under 11 U.S.C. §§ 544, 550 and Florida State Statute Sections 706.105 and 726.106; (ii) requiring turnover of the Transfer property; and, (iii) pre-judgment interest, post-judgment interest, and costs of suit; and (iii) for such other and further relief as the Court deems just and proper.

Dated:  November 9, 2021.

/s/ L. Todd Budgen

L. Todd Budgen, Esq.
FL Bar No.:  0296960
BUDGEN LAW
Post Office Box 520546
Longwood, Florida 32752-0546
Tel: (407) 481-2888
E-Mail: TBudgen@MyBankruptcyFirm.com
Attorney for Trustee and Plaintiff